STATE OF MAINE
CUMBERLAND, ss.

SHANNON AURITT,

   Plaintiff

   v.

GARY AURITT, STEPHANIE
WILKINSON, CARLL WILKINSON,
TD BANK N.A., TWIN MEADOWS
HOMEOWNERS ASSOCIATION,
and BANGOR SAVINGS BANK,

   Defendants.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-19-48

ORDER ON DEFENDANT TWIN
MEADOWS HOMEOWNERS
ASSOCIATION'S MOTION FOR
SUMMARY JUDGMENT

STATE OF MAINE
Cumberland as Clerk's Office

JUL 16 2019

RECEIVED

Before the Court is Defendant Twin Meadows Homeowners Association's ("Twin

Meadows") motion for summary judgment on all counts of Plaintiff Shannon Auritt's

complaint. This motion, along with a memorandum of law, statement of material facts,

and supporting affidavit, was filed on June 14, 2019. Ms. Auritt filed an opposition on

July 2, 2019. Twin Meadows did not file a reply brief, and this motion is in order for

decision. For the following reasons, the motion is granted.

I. Background

The Court first notes that Ms. Auritt failed to comply with M.R. Civ. P. 56(h)(2),

and all properly supported facts contained in Twin Meadows's statement of material facts

are therefore deemed admitted. M.R. Civ. P. 56(h)(4). The Court finds each of Twin

Meadows's statements of material fact is properly supported by record citation and thus

draws the following account from Twin Meadows's statement of material facts.

Twin Meadows is a nonprofit corporation duly organized and existing under the

laws of the State of Maine. The Articles of Incorporation were filed with the Maine

Secretary of State on October 26, 2005, and Twin Meadows was given the Charter

Number 20060253ND. Pursuant to the Twin Meadows Declaration of Covenants and

Plaintiff–Pro Se
Defendant Auritt–Andre Hungerford, Esq.
Defendants Wilkinsons–William Kennedy, Esq.
Def TD Bank–Elizabeth Lacombe, Esq.
Def Twin Meadows–David Hirshon, Esq.
Def Bangor Savings Bank–Ryan Dumais, Esq.

Restrictions (the "Declaration") dated November 4, 2005 as amended, and recorded in the Cumberland County Registry of Deeds in Book 23379, Page 148, Twin Meadows is responsible for, among other things, the governance of the five residential lots which comprise the Twin Meadows Subdivision located on Woodville Road, Falmouth, County of Cumberland, Maine.

Ms. Auritt and Defendant Gary Auritt (collectively, the "Auritts") acquired 27 Twin Meadows Lane, Falmouth, Maine (the "Property") by deed dated October 19, 2009 and recorded in the Cumberland County Registry of Deeds in Book 27334, Page 104. The Auritts occupied the Property for a period of time. On or about July 21, 2015, the Auritts were divorced in the Portland District Court, Docket No. FM-13-742, and the Court awarded Ms. Auritt's interest in the Property to Mr. Auritt.

Article VII of the Declaration imposes upon each owner of property in the Twin Meadows Subdivision, including the Auritts as owners of the Property, an obligation to pay Twin Meadows assessments and charges, including reasonable attorneys' fees and costs of collection. Pursuant to Sections 7.1 and 7.2[1] of the Declaration, the assessments, charges, attorneys' fees and costs "shall be a lien against such lot." Additionally, "[e]ach such assessment and charge, together with the interest thereon and costs of collection thereof, shall also be the personal obligation of the Member owning such assessed Lot at the time when the assessment fell due."

Ms. and Mr. Auritt were each, at all times relevant, a Member owning an assessed Lot, as defined in the Declaration. The Auritts failed to pay to Twin Meadows dues as properly assessed as of July 23, 2013; August 1, 2014; and January 1, 2015. As a result, and

---

[1] Twin Meadows's right to recovery of attorneys' fees is derived from Section 7.2 of the Declaration, which is not specifically referenced in Twin Meadows's Statement of Material Fact 7. The Court is also unable to locate within the Declaration the quoted language in Statement of Material Fact 7 but has identified and quoted similar language from Section 7.1(a) of the Declaration.

as authorized by the Declaration, Twin Meadows caused to be recorded in the Cumberland County Registry of Deeds Notices of Lien against Ms. and Mr. Auritt on October 23, 2013; October 20, 2014; and January 21, 2015.

Pursuant to a Judgment and Order of Sale dated June 4, 2015, the Property was to be sold at public sale. Twin Meadows has never taken any action personally against the Auritts to collect the assessments, charges and other costs owed to Twin Meadows. Twin Meadows was not a party to the Intercreditor Agreement referenced in Ms. Auritt's Complaint at Page 7 in connection with an action docketed in the Cumberland County Superior Court as PORSC-RE-10-537.

By Deed dated October 28, 2015 as recorded in the Cumberland County Registry of Deeds in Book 32707, Page 280, Defendants Carll and Stephanie Wilkinson[2] acquired the Property from Hammond Lumber Company pursuant to the public sale as authorized by the Court in the June 4, 2015 Judgment and Order of Sale. To the extent any work was done on the Property, Twin Meadows did not receive any benefit therefrom. Twin Meadows never authorized Mr. Auritt or the Wilkinsons to act on its behalf. Twin Meadows took no action to interfere with the Auritts' ownership of the Property. Twin Meadows never received any money from the sale of the Property.

II. Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the factfinder must choose between

---

[2] All claims against the Wilkinsons were dismissed on June 18, 2019.

competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If the moving party's motion for summary judgment is properly supported, the burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). When a defendant moves for summary judgment, the plaintiff must respond with evidence establishing a prima facie case. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. The evidence proffered by the plaintiff "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759. If a plaintiff fails to present sufficient evidence, then the defendant is entitled to a summary judgment. *Watt*, 2009 ME 47, ¶ 21, 969 A.2d 897.

III. Discussion

The Court finds there is no genuine issue of material fact with respect to Ms. Auritt's claims against Twin Meadows. Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleading, but must respond by affidavits or as otherwise provided in this rule, setting forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Ms. Auritt's opposition to Twin Meadows's motion fails to set forth any specific facts showing that there is a genuine issue for trial. In her memorandum in opposition, Ms. Auritt refers to an Order Pending Divorce entered by the Portland District Court on October 21, 2013 in order to argue that at that time, "Mr. Gary Auritt was awarded the marital residence along with being responsible for the bills associated with it." (Pl.'s

Opp'n to Def.'s Mot. Summ. J. 1.) However, the October 21 Order only awards to Mr. Auritt exclusive possession of the Property and makes no order concerning ownership of the Property. Rather, each of the liens filed against Ms. Auritt by Twin Meadows was filed before entry of the Judgment of divorce, which awarded Ms. Auritt's interest in the Property to Mr. Auritt. To the extent that Ms. Auritt's claims against Twin Meadows rest upon an allegation that the liens were improperly filed against her, she has failed to respond with evidence establishing a prima facie case. Moreover, Ms. Auritt's opposition makes no further argument and identifies no further relevant facts in support of any of her claims against Twin Meadows.

In short, Ms. Auritt has wholly failed to properly oppose Twin Meadows's motion for summary judgment. Ms. Auritt having identified no genuine issue of material fact with respect to her claims against Twin Meadows, Twin Meadows is entitled to summary judgment in its favor.[3]

IV. Conclusion

For the foregoing reasons, Defendant Twin Meadows Homeowners Association's Motion for Summary Judgment is GRANTED. Plaintiff Shannon Auritt's Complaint against Defendant Twin Meadows Homeowners Association is dismissed with prejudice. Defendant Twin Meadows Homeowners Association is awarded its costs against Plaintiff Shannon Auritt.

---

[3] The Court further notes that many, if not all, of Ms. Auritt's claims against Twin Meadows are subject to dismissal for failure to state a claim upon which relief can be granted, for the same reasons discussed more fully in the Court's June 18, 2019 Order dismissing all claims against the Wilkinsons and Bangor Savings Bank. The Court agrees with Twin Meadows that "[i]t is difficult to discern from the Complaint what grounds Plaintiff believes she has to sue the Association." (Def.'s Memorandum of Law 1.) Indeed, as explained in the Court's previous Order, many of the Counts in Ms. Auritt's Complaint fail to properly allege any legal claim. Ms. Auritt's failure to properly controvert Twin Meadows's motion for summary judgment further confirms that she has raised no triable issue with respect to Twin Meadows.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 7/16/19

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 07/16/19 mc
3:50pm

STATE OF MAINE                             SUPERIOR COURT
CUMBERLAND, ss.                            CIVIL ACTION
                                           DOCKET NO. RE-19-48

SHANNON AURITT,                 )
                                )
        Plaintiff               )
                                )
    v.                          )          ORDER ON DEFENDANTS
                                )          STEPHANIE AND CARLL
GARY AURITT, STEPHANIE          )          WILKINSON AND BANGOR
WILKINSON, CARLL WILKINSON,     )          SAVINGS BANK'S MOTIONS TO
TD BANK N.A., TWIN MEADOWS      )          DISMISS
HOMEOWNERS ASSOCIATION,         )
and BANGOR SAVING BANK,         )
                                )
        Defendants.             )

Pending before the Court are two motions to dismiss Plaintiff Shannon Auritt's

complaint. The first was filed by Defendants Stephanie and Carll Wilkinson (collectively,

"the Wilkinsons") on March 14, 2019. The second was filed by Defendant Bangor Savings

Bank ("BSB") on March 19, 2019. Ms. Auritt filed a document the Court accepts as an

opposition to both motions to dismiss on March 26, 2019. The movants did not file reply

briefs, and these motions are in order for decision. For the following reasons, both

motions to dismiss are granted.

I. Background

Ms. Auritt filed a 20-count complaint in this Court on March 7, 2019. The following

facts are drawn from the complaint and its attachments.[1] The complaint concerns the

property located at 27 Twin Meadows Lane, Falmouth, Cumberland County, Maine,

which Ms. Auritt alleges was the marital residence of herself and Defendant Gary Auritt.

---

[1] A court may consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n,* 2004 ME 20, ¶ 10, 843 A.2d 43. There has been no challenge to the authenticity of any of the documents relied on by the Court in making this Order.

REC'D CUMB CLERKS OFC
JUN 16 '19 AX10:35

(Pl.'s Compl. 2.) Mr. and Ms. Auritt divorced in 2015, at which time the subject property was encumbered by a number of liens. (Pl.'s Compl. 2-5.) Pursuant to their divorce decree, Ms. Auritt conveyed the property to Mr. Auritt, subject to the debts associated with the property. (Pl.'s Compl. 5.) More specifically, Mr. Auritt was awarded the property subject to an Intercreditor Agreement entered into by the various lienholders, as detailed in the Abstract of Divorce Judgment Regarding Real Estate, attached to Ms. Auritt's complaint. The Divorce Judgment further states that "Gary Auritt shall be responsible for any deficiency claim and all obligations pertaining to the real estate except for that portion of the deficiency or for any obligation arising out of any lien or claim by Shannon's parents."

On or about October 23, 2015, the property was conveyed by quitclaim deed to the Wilkinsons, subject to the liens which Ms. Auritt alleges had not been discharged. (Pl.'s Compl. 5.) On October 30, 2015, the Wilkinsons executed a mortgage in favor of BSB. (Pl.'s Compl. 5.) Ms. Auritt generally complains that the various named defendants failed to clear the liens on the property and that she has been financially damaged by the unresolved debts. (*See* Pl.'s Compl. 7-8.) The complaint includes counts for, *inter alia,* breach of contract, negligent misrepresentation, fraud, tortious interference, and unjust enrichment.

---

[2] Because the paragraphs in Ms. Auritt's complaint are not numbered, citations to the complaint refer to page numbers only.

[3] As explained by the District Court (Cumberland, *Darvin, J.*) in the course of the divorce proceeding,

> [u]nder the Intercreditor Agreement, the marital creditors have agreed that the sale of the marital real estate ... and the distribution of the proceeds among them in accordance with the appended Superior Court Judgment and Order of Sale shall constitute a full accord and satisfaction of the marital claims. ... Gary Auritt ... shall assume the responsibility for satisfying the marital claims secured thereby by joining in the marital creditors' motion to the Superior Court for its approval of the Judgment and Order of Sale.

*Auritt v. Auritt,* No. FM-13-742 (Me. Dist. Ct., Portland, May 11, 2015).

III. Discussion

The Wilkinsons note in their motion, and the Court agrees, based on the documents attached to Ms. Auritt's complaint, that the Wilkinsons did not enter into any contractual agreement with Ms. Auritt or make any kind of representation whatsoever to Ms. Auritt. Instead, Ms. Auritt's claim against the Wilkinsons seems to be grounded on her theory that "[t]he Wilkinsons by having a quit claim deed on said property are also now 'in the same boat' as Mr. Auritt." (Pl.'s Compl. 17.)

The Court appreciates that the Wilkinsons have painstakingly analyzed each count of Ms. Auritt's complaint with respect to their role in this litigation and agrees that none of the counts of the complaint states a claim against the Wilkinsons, either because the count fails to state a claim altogether or because the count states a claim that is wholly irrelevant to the Wilkinsons. For instance, in Count 1 – Breach of Contract, Ms. Auritt fails to identify any contract between herself and the Wilkinsons, much less make any allegations regarding how such contract was breached. Similarly, in Count 2 – Negligent Misrepresentation, Ms. Auritt fails to identify any misrepresentation that was made to her by the Wilkinsons. Count 3 – Fraud, does not reference the Wilkinsons at all. Each of the other counts is similarly baseless, and much of the complaint is overly vague if not nonsensical.

Considering the facts alleged by Ms. Auritt in the light most favorable to her, the Court discerns no legal basis for any claim against the Wilkinsons, and the Wilkinsons are therefore entitled to dismissal.

Moreover, BSB's motion to dismiss will likewise be granted. The Court fails to discern any viable claim stated against BSB by Ms. Auritt.

IV. Conclusion

For the foregoing reasons, Defendants Stephanie and Carll Wilkinson's motion to dismiss is GRANTED. Defendant Bangor Savings Bank's motion to dismiss is likewise GRANTED. All counts of Plaintiff Shannon Auritt's complaint are dismissed with prejudice as to Defendants Stephanie Wilkinson, Carll Wilkinson, and Bangor Savings Bank.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _June 18, 2019_

_____
MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 06/19/19

Plaintiff-Pro Se
Def Auritt-A.J. Hungerford, Esq.
Defs Wilkinsons-William Kennedy, Esq.
Def TD Bank-Brett Messinger, Esq.
Def Twin Meadows-David Hirshon, Esq.
Def BSB-Ryan Dumais, Esq.